UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER SIMMONS, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 21-cv-1240-JBM |
| ) | |
| STEWART INMAN, *et al.* ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and detained at the Livingston County Jail ("Jail"), pursues an action under 42 U.S.C. § 1983 based on conditions of confinement. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint (Doc. 12), the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff names "Cathy," the Dietitian Supervisor at the Jail, as the sole Defendant. Plaintiff states that he adheres to a vegan diet and has been eating nothing but peanut butter and jelly for lunch and rice and beans for dinner every day for nearly a year.

1

Plaintiff asked to have more variety in his diet. On December 3, 2020, Officer McKinsey told Plaintiff that he spoke with the Dietary Supervisor, who advised that the dietitian plans all meals and that adjustments would be made to Plaintiff's diet. When no changes were made, Plaintiff sent a letter to the Jail in early 2021 to advise of the ongoing issues, but he never received a response.

Plaintiff filed a grievance about the lack of variety in his diet. On August 10, 2021, Plaintiff was told that his diet complies with state law, and his request for a varied diet was denied. On August 11, 2021, he appealed a grievance and argued that a daily serving of beans does not comply with state law. Following the appeal, Plaintiff was told that the lack of variety would be addressed with the kitchen. Plaintiff alleges that the kitchen began implementing "a variety of beans, which at the end of the day is still beans…." (Doc. 12 at 4). Plaintiff alleges that he is not receiving adequate nutrition, which could lead to rickets, scurvy, and other conditions associated with malnutrition.

Plaintiff also includes allegations in his Amended Complaint regarding property and body searches, law library access, mail, books, and restricted access to cells. Plaintiff complains that inmates were sent to the recreation room during three shakedowns in the "CPod" instead of being allowed to stand outside while their possessions were searched. Inmates are also subjected to private body cavity searches and visual inspections before and after being transported anywhere, including doctor visits and court appearances.

Plaintiff also complains that family and friends are not permitted to send physical mail directly to him. Instead, they are required to send mail to a PO Box in Kentucky where it is scanned and then viewed electronically.

Plaintiff claims he has limited access to law library materials and computers and is unable to type or print motions and other legal documents. He also complains about being denied access to hardcover books. When he received a hardcover book on January 25, 2021, he was instructed to rip off the front and back cover in order to keep the book. On September 7, 2021, he was not allowed to receive a hardcover book from Amazon titled "The Best Performing Investment Strategies."

Finally, Plaintiff alleges that he and the other detainees have restricted access for getting in and out of their cells and that the jail forces them out of their cells for lunch and dinner.

**ANALYSIS**

A pretrial detainee's conditions of confinement claim arises under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017). A different standard applies as, while convicted prisoners may be subjected to punishment short of cruel and unusual, pretrial detainees may not be punished at all. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). "Pretrial detainees stand in a different position: they have not been convicted of anything, and they are still entitled to the constitutional presumption of innocence. Thus, the punishment model is inappropriate for them." *Id*. (citing *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2475 (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" (citations omitted)). Based on the allegations about his diet, the Court finds that he has stated a colorable conditions of confinement claim against Defendant Cathy, the Dietitian Supervisor at the Livingston County Jail.

Plaintiff's other allegations are not properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one

action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ."). Here, Plaintiff's claims concerning access to the law library, body searches, and so on do not arise out of the same transaction, occurrence, or series of transactions or occurrences nor does Plaintiff allege that Defendant Cathy was involved. This case will proceed solely on the conditions of confinement claim related to Plaintiff's diet. His other claims are DISMISSED.

The Court also notes that Plaintiff named Defendants Stewart Inman, Alyssa Frank, Mary Knapp, and Dr. Sumad Zia in his original Complaint filed on August 18, 2021. (Doc. 1). On November 24, 2021, he filed an Amended Complaint, which the Court construed as a Motion for Leave to File Amended Complaint. (Doc. 11). On December 15, 2021, this Court granted Plaintiff leave to file his Amended Complaint. (See Text Order dated 12/15/2021; Doc. 12). "It is well-established that an amended complaint supersedes an original complaint." *McNeal v. Cook County Sheriff's Dept.*, 282 F.Supp.2d 865, 867 (N.D. Ill. Sept. 12, 2013) (citing *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204-05 (7th Cir. 1998)). Plaintiff makes no mention of these individuals in his Amended Complaint. Therefore, they are DISMISSED without prejudice.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a conditions of confinement claim against Defendant Cathy. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Stewart Inman, Alyssa Frank, Mary Knapp, and Dr. Sumad Zia are DISMISSED without prejudice.

3) Plaintiff's Motion for Status [14] is rendered MOOT by this Order.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendant by mailing a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for

effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendant shall file an Answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

10) Defendant is ordered to provide Plaintiff with copies of all grievances and other documents pertaining to his diet and its adequacy.

11) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 3/21/2022

                                                  s/ Joe Billy McDade
                                                  Joe Billy McDade
                                                  United States District Judge