UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER SIMMONS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 21-cv-1240-JBM |
| | ) | |
| STEWART INMAN, *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, pursues an action under 42 U.S.C. § 1983 based on his medical care, the lack of variety in his diet, and potential exposure to COVID-19 at the Livingston County Jail ("Jail").

On March 21, 2022, the Court issued a Merit Review Order of Plaintiff's Amended Complaint and found that Plaintiff alleged enough facts to proceed on his claim against Defendant Cathy, the dietary supervisor at the Jail, based on an allegedly inadequate diet and nutrition. (Doc. 15). On March 31, 2022, Plaintiff filed a Motion for Reconsideration, stating that he did not realize his Amended Complaint superseded the initial Complaint and that he intended to name additional Defendants. (Doc. 17). As a result, the Court allowed Plaintiff an opportunity to file a Second Amended Complaint and stated the amended complaint "must stand on its own without reference to any other pleading." (d/e 4/1/2022). Defendant Cathy was served on April 18, 2022. (Doc. 19). On May 6, 2022, Plaintiff filed a Second Amended Complaint naming as Defendants Alyssa Frank (nurse), Mary Knapp (nurse), Jenn (dietician), Stewart Inman (superintendent), and Cathy (dietary supervisor). (Doc. 23).

This case is now before the Court for a merit review of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the

1

factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

### Claim #1 – Medical Care

First, Plaintiff alleges that he asked to be tested for HIV and syphilis during a medical screening on November 2, 2020, but Defendants Frank and Knapp, who are nurses at the Jail, advised him that inmates are not tested unless they are experiencing symptoms. On or around December 23, 2020, Plaintiff tested positive for syphilis and later tested positive for HIV. He claims that he did not receive treatment for syphilis until May 2021 and his HIV infection was not treated until June 2021.

### Claim #2 - Diet

Second, Plaintiff states that he adheres to a vegan diet and has been eating only peanut butter and jelly, rice, and beans for over a year. On December 2, 2020, Plaintiff submitted a grievance and asked "if it's possible to put a bit more thought into [his] diet and provide a variety of meals." (Doc. 23 at 6). On December 3, 2020, correctional officer McKinsey allegedly told Plaintiff that he spoke with Defendant Cathy, the dietary supervisor. Defendant Cathy allegedly stated that she would speak with Defendant Jenn, the dietician who plans the meals, and try to make some adjustments to Plaintiff's diet.

Plaintiff alleges that he submitted another grievance on December 21, 2020, stating that he was still being served only peanut butter and jelly, rice, and beans for several days. Defendant Inman sent a response to Plaintiff's grievance and denied his request.

On January 26, 2021, Plaintiff sent a grievance stating that he was advised over a month ago that dietary staff were working on adding additional items to his diet. Defendant Inman denied his grievance on January 27, 2021. Defendant Inman allegedly told Plaintiff that he never told the kitchen to change the menu for Plaintiff and that the kitchen increased the amount of food to meet the caloric intake required by the state. Plaintiff alleges that he informed Defendant Inman that the kitchen only began implementing "a variety of beans, which at the end of the day is still beans." (Doc. 23 at 7).

Plaintiff alleges that his diet remains unchanged despite multiple attempts to request more variety. On August 10, 2021, he was allegedly told that his diet complies with state law.

**Claim #3 – COVID-19**

Plaintiff also includes a claim in his Second Amended Complaint related to COVID-19. He alleges that Defendant Inman failed to adhere to the CDC's guidelines to prevent the spread of COVID-19 and that an inmate, who was positive for COVID-19, was coughing, not wearing a face mask, and touching the phones and kiosk.

**ANALYSIS**

A pretrial detainee's conditions of confinement claim arises under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). A different standard applies as, while convicted prisoners may be subjected to punishment short of cruel and unusual, pretrial detainees may not be punished at all. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 350 (7th

Cir. 2018). "Pretrial detainees stand in a different position: they have not been convicted of anything, and they are still entitled to the constitutional presumption of innocence. Thus, the punishment model is inappropriate for them." *Id*. (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015)); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Under this standard, a pretrial detainee need only establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda*, 900 F.3d at 352. Even under the objective standard, however, the defendant's actions must be deliberate, purposeful, or knowing; negligence is not enough. *Kingsley*, 576 U.S. at 396. "An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need, such as 'adequate food, clothing, shelter, and medical care.'" *Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015) (internal citations omitted). "The Constitution mandates that prison officials provide inmates with 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it.'" *Id.* at 312 (quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)).

Here, Plaintiff claims that his meals consisted of peanut butter and jelly, rice, and beans and that his requests for more variety were denied. Plaintiff does not plead that the amount of food was inadequate or nutritionally deficient, that the food affected his health, or that he was diagnosed with a medical condition because of his diet. Instead, his claim focuses solely on the lack of variety in his diet. Unlike his prior Amended Complaint where he alleged that he was not receiving adequate nutrition and raised concerns about his health, the allegations in Plaintiff's Second Amended Complaint do not rise to the level of a constitutional violation. (Doc. 12 at 4).

Additionally, Plaintiff states that he spoke with a correctional officer who said that he spoke with Defendant Cathy, the dietary supervisor, about Plaintiff's diet. Plaintiff also filed grievances

4

about the lack of variety in his diet; however, there is no indication that Defendant Jenn, the dietician, and Defendant Cathy, the dietary supervisor, were aware of his grievances or that Plaintiff spoke with dietary staff directly about his diet. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016) (internal citations omitted) (defendants must have actually known of and disregarded a substantial risk that the plaintiff would suffer harm). "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Therefore, this claim is DISMISSED, with prejudice, for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Defendant Cathy, who was previously served pursuant to the Court's prior Merit Review Order, is DISMISSED with prejudice. The Court finds that any attempt to amend would be futile as Plaintiff has had multiple opportunities to amend his complaint.

Plaintiff's other claims regarding testing and treatment for syphilis and HIV and the potential exposure to COVID-19 are not properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits…"). Here, Plaintiff's

5

claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences nor do his claims involve the same Defendants. Plaintiff's claims regarding his medical care and COVID-19 are DISMISSED, without prejudice. Plaintiff may file separate complaints and pay the related filing fees if he wishes to pursue these claims.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Second Amended Complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff's claim against Defendants Jenn, Cathy, and Stewart Inman related to his diet is dismissed with prejudice. Any amendment to the Second Amended Complaint would be futile because Plaintiff has had multiple attempts to allege a constitutional violation.**

2) **Plaintiff's remaining claims against Defendants Alyssa Frank, Mary Knapp, and Stewart Inman regarding his medical care and COVID-19 are dismissed without prejudice. Plaintiff may file separate complaints and pay the related filing fees if he wishes to pursue these claims.**

3) **This case is closed. The Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58.**

4) **Plaintiff's Motion for Status [26] is rendered MOOT by this Order.**

5) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

6) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

ENTERED: 8/23/2022

                                                                             s/ Joe Billy McDade
                                                                             Joe Billy McDade
                                                                             United States District Judge